IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CITIZENS FOR RESPONSIBLE CHARTER SCHOOLS, LLC, a Utah Limited Liability Corporation, and GARY DAVIS, individually and as manager of Citizens for Responsible Charter Schools,<br><br>Plaintiffs,<br><br>v.<br><br>MARTELL MENLOVE, in his official capacity as Superintendent of the Utah State Office of Education and State School Board; and JENNIFER YOUNGFIELD, in her official capacity as School Construction and Facilities Safety Specialist Utah State Office of Education,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMAND<br><br><br>Case No. 2:14-CV-278 TS |

This matter is before the Court on Plaintiffs' Objection to Notice of Removal and Motion to Remand.[1] Defendants oppose Plaintiffs' Motion and contend that jurisdiction is proper before this Court. For the reasons discussed more fully below, the Court will deny Plaintiffs' Motion.

I. BACKGROUND

Plaintiffs brought this lawsuit to "vindicate the due process and other constitutional rights of [Plaintiffs], . . . who as residents of Washington City seek to enjoy their right of safety and municipal participation involving zoning and land issues around their homes."[2] Plaintiffs'

---
[1] Docket No. 17.

[2] Docket No. 2 Ex. 2, at 1.

1

Complaint brings five causes of action, including a "Federal Substantive Due Process Claim."[3]
Plaintiffs' claims are all based on a central theme—that Utah's laws and regulations for approval of a new charter school impinge on Plaintiffs' rights.

Plaintiffs filed suit in Utah state court. In their Complaint, Plaintiffs named as Defendants two Utah state officials, Martell Menlove and Jennifer Youngfield. Two private entities—Dixie Boyer, LC and Dixie Montessori—subsequently sought to intervene as Defendants in the state case. The state court granted Dixie Boyer's and Dixie Montessori's Motions to Intervene.

On April 16, 2014, Dixie Montessori filed a Notice of Removal to this Court.[4] In that Notice, the remainder of the Defendants consented to removal.[5] Defendants based their removal on this Court's original jurisdiction over Plaintiffs' federal due process claim. Defendants also asserted that this Court could properly exercise supplemental jurisdiction over Plaintiffs' related state-law claims because those claims arise out of the same operative facts as Plaintiffs' federal claim.

In this Motion, Plaintiffs seek to remand this matter to Utah state court.

## II. DISCUSSION

Plaintiffs argue that remand is appropriate in this instance because (1) their claims do not contain a substantial federal question; (2) their claims raise a novel or complex issue of state law; (3) their state-law claims substantially predominate over their federal claims; and (4) there are other compelling reasons for declining jurisdiction. Defendants contend that federal question

---

[3] *Id.* Ex. 2, at 10.

[4] *See* Docket No. 2.

[5] *Id.* at 4.

jurisdiction is appropriate on the face of Plaintiffs' Complaint and, because Plaintiffs' state-law claims implicate the same facts, witnesses, and challenged statutes as Plaintiffs' federal claim, supplemental jurisdiction is proper over those claims as well.

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."[6] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7]

Defendants assert that jurisdiction is proper pursuant to this Court's federal question jurisdiction, found in 28 U.S.C. § 1331. That section provides that the federal "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[8] "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[9]

In the instant suit, Plaintiffs' first cause of action is for federal substantive due process violations. Plaintiffs' Complaint explicitly states that Defendants' actions will "deprive[] them of due process of law as guaranteed by the Fourteenth Amendment to the United States

---

[6] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[7] 28 U.S.C. § 1447(c).

[8] 28 U.S.C. § 1331.

[9] *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citations and internal quotation marks omitted).

Constitution."[10] Thus, this action arises under the Constitution and federal law and jurisdiction is proper pursuant to § 1331. Because the Court finds that federal law creates Plaintiffs' first cause of action, it need not address whether plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[11]

It is well-settled law that a federal district court may exercise supplemental jurisdiction over state-law claims that arise from the same case or controversy as a claim that falls under the court's original jurisdiction.[12] "A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'"[13] Here, there is no question that Plaintiffs' federal due process claim arises from the same common nucleus of operative facts as their state-law claims. Therefore, at this juncture, jurisdiction is proper over those claims pursuant to the Court's supplemental jurisdiction.[14]

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Objection to Notice of Removal and Motion to Remand (Docket No. 17) is DENIED.

---

[10] Docket No. 2 Ex. 2, at 11.

[11] *Empire*, 547 U.S. at 689–90.

[12] *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010).

[13] *Id.* at 702–03 (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).

[14] *See* 28 U.S.C. § 1367.

DATED this 21st day of May, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge