IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CITIZENS FOR RESPONSIBLE CHARTER SCHOOLS, LLC, a Utah Limited Liability Corporation, and GARY DAVIS, individually and as manager of Citizens for Responsible Charter Schools,<br><br>Plaintiffs,<br><br>v.<br><br>MARTELL MENLOVE, in his official capacity as Superintendent of the Utah State Office of Education and State School Board; and JENNIFER YOUNGFIELD, in her official capacity as School Construction and Facilities Safety Specialist Utah State Office of Education,<br><br>Defendants.<br><br>DIXIE MONTESSORI ACADEMY, A Utah Charter School, and BOYER DIXIE, LC, a Utah limited liability company,<br><br>Intervenor Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART INTERVENOR DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:14-CV-278 TS |

This matter is before the Court on Intervenor Defendants Boyer Dixie and Dixie Montessori Academy's Motions for Judgment on the Pleadings.[1] For the reasons discussed more fully below, the Court will grant in part Intervenor Defendants' Motions, decline to exercise

---

[1] Docket Nos. 22, 26.

1

supplemental jurisdiction over Plaintiffs' remaining claims, and remand this case to the Fifth Judicial District Court of Washington County.

## I. BACKGROUND

This lawsuit arises from plans to build a charter school on a site located in Washington City, Utah. Plaintiffs oppose building a charter school on the property because of concerns involving traffic, safety, and property values. Plaintiffs brought this lawsuit to "vindicate the due process and other constitutional rights of [Plaintiffs], . . . who as residents of Washington City seek to enjoy their right of safety and municipal participation involving zoning and land issues around their homes."[2]

Plaintiffs plead five causes of action, a federal substantive due process claim, an open courts claim under the Utah constitution, a due process claim under the Utah constitution, a claim for inherent and inalienable rights claim under the Utah constitution, and a claim for violations of Utah Code Ann. § 10-9a-305(4).[3] Plaintiffs' claims are all based on a central theme—that Utah's laws and regulations for approval of a new charter school impinge on Plaintiffs' rights.

Prior to filing this suit, Plaintiff Citizens for Responsible Charter Schools, LLC ("CRCS") filed suit in Utah state court ("the first lawsuit"). In their Complaint, CRCS named as Defendants two Utah state officials, Martell Menlove and Jennifer Youngfield. Two private entities—Dixie Boyer, LC and Dixie Montessori—subsequently sought to intervene as Defendants in the state case. The state court granted Dixie Boyer and Dixie Montessori's

---

[2] Docket No. 2 Ex. 2, at 1.
[3] Docket No. 2 Ex. 2, at 10–14.

motions to intervene. On April 11, 2014, the case was dismissed on the ground that CRCS lacked standing.[4] The same day that the first lawsuit was dismissed, Plaintiff CRCS filed a new lawsuit in state court. The new lawsuit ("the instant case" or "the second lawsuit") named as Plaintiffs both CRCS and Gary Davis, individually and as Manager of CRCS. Gary Davis is a homeowner who resides in the area near the proposed charter school site. As with the first lawsuit, Dixie Boyer and Dixie Montessori were allowed to intervene.

On April 16, 2014, Dixie Montessori filed a Notice of Removal to this Court. Defendants based their removal on this Court's original jurisdiction over Plaintiffs' federal due process claim. This Court later determined that removal was proper and that it could exercise supplemental jurisdiction over Plaintiffs' related state-law claims because those claims arise out of the same operative facts as Plaintiffs' federal claim. Intervenor Defendants now seek judgment on the pleadings.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[5] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[6] Plaintiffs must provide "enough facts to state a

---

[4] Docket No. 22 Ex. 2, at 2.

[5] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

3

claim to relief that is plausible on its face,"[7] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[11]

In considering the adequacy of a plaintiffs' allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11] *Iqbal*, 550 U.S. at 678-79 (alteration in original) (citations and internal quotation marks omitted).

[12] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13]

## II. DISCUSSION

Intervenor Defendants first argue that CRCS's claims are barred by issue preclusion and that CRCS does not have standing. Next Intervenor Defendants argue that Plaintiffs' claims fail on the merits. The Court will consider each argument in turn.

A.  *Issue Preclusion / Standing*

Issue preclusion applies when

(1) the issue previously decided is identical to the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[14]

The state court dismissed the first lawsuit and held that CRCS does not have standing.[15] The order states

The Court having heard arguments from all parties determines that the Plaintiff, a limited liability corporation known as The Citizens for Responsible Charter Schools . . . has no substantial interest in the subject matter of the litigation, has no personal stake in this matter, and has no standing to proceed in this matter.[16]

CRCS cannot relitigate the issue of standing or the facts presented to the state court. However, the state court's ruling on standing does not preclude Plaintiffs' substantive claims.[17]

---

[13] *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[14] *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (citation omitted).

[15] Docket No. 22, Ex 2, at 2.

[16] *Id.*

[17] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

As Defendants do not argue res judicata or standing as to Plaintiff Davis, the Court need not resolve these issues as to CRCS.

B.  *Federal Claims*

Plaintiffs first argue that the Utah State Office of Education's involvement including issuing a state project number for this charter school violates Plaintiffs' federal procedural due process rights because Plaintiffs were denied notice and an opportunity for their concerns regarding the location of the charter school to be heard. However, Plaintiffs' Complaint does not allege a constitutional procedural due process violation.[18] Therefore, the Court will not consider whether Defendants' actions constitute a procedural due process violation.

Plaintiffs do plead a federal substantive due process violation. Plaintiffs' Complaint explicitly states that Defendants' actions will deprive them of due process, as guaranteed by the Fourteenth Amendment to the United States Constitution.[19]

While "procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, . . . substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision."[20] "Substantive due process claims are . . . founded upon deeply rooted notions of fundamental personal interests derived from the Constitution."[21]

---

[18] *See* Docket No. 2 Ex. 2.

[19] *Id.* at 11.

[20] *Hatch v. Boulder Town Council*, No. 2:01-cv-0071, 2007 WL 2985001, at *17 (D. Utah Oct. 10, 2007) (quoting *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)).

[21] *Graves v. Thomas*, 450 F.3d 1215, 1220 (10th Cir. 2006).

"Only government conduct that shocks the conscience can give rise to a substantive due process claim."[22] In determining what conduct is conscience shocking, the Tenth Circuit weighs "(1) the need for restraint in defining the scope of substantive due process claims; (2) the concern that § 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions impacting public safety."[23]

Plaintiffs argue that the showing of conscience shocking harm is a matter of fact to be determined at trial. However, the same argument was made in *Hatch* and the court held that the argument was "clearly refuted by *Graves v. Thomas*, in which the Tenth Circuit stated that the 'ultimate standard' of a substantive due process violation claim was whether the alleged action shocks the conscience 'of federal judges,' not juries."[24]

Plaintiffs allege that "Utah's current laws and regulations to approve a new charter school project site . . . prevent Plaintiffs from their right to property, safety, and well-being."[25] In determining whether Utah's current laws involving zoning and construction of new charter schools violate Plaintiffs' constitutional rights, the Court defers to the three principles outlined above. Considering the need for restraint and the need to defer to local policymaking bodies, the Court finds that Plaintiffs have not sufficiently alleged a substantive due process violation. Therefore, the Court grants Intervenor Defendants' Motions for Judgment on the Pleadings as to this cause of action.

---

[22] *Perez v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, 432 F.3d 1163, 1166 (10th Cir. 2005).

[23] *Hatch*, 2007 WL 2985001, at *18.

[24] *Id.*

[25] Docket No. 2 Ex. 2, at 11.

7

C.  *State Claims*

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[26] 28 U.S.C. § 1367 provides the statutory basis to exercise supplemental jurisdiction. Federal district courts may exercise supplemental jurisdiction over state-law claims that arise from the same case or controversy as a claim that falls under the court's original jurisdiction.[27] However, the statute provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."[28]

The Court has dismissed Plaintiffs' substantive due process claim, which was the only claim over which the Court had original jurisdiction. Left only with allegations of state law violations, the Court declines jurisdiction over Plaintiffs' remaining causes of action. The Court will therefore remand this case to the Fifth Judicial District Court of Washington County to consider Plaintiffs' remaining state law claims.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Intervenor Defendants' Motions for Judgment on the Pleadings (Docket Nos. 22 and 26) are granted in part as outlined above.

The Clerk of Court is directed to remand this case to the Fifth Judicial District Court of Washington County and to close this case forthwith.

---

[26] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[27] *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010).

[28] 28 U.S.C. § 1367(c).

DATED this 29th day of August, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge